UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| A AFRICAN-AMERICAN U.S. CITIZEN <br> (AKA DAMIEN JACKSON), <br><br> Plaintiff, <br><br> v. <br><br> STATE OF TENNESSEE and <br> UNITED STATES OF AMERICA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No.:  3:08-cv-196 <br> )         (VARLAN/GUYTON) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action which was removed to this Court from the Circuit Court for Morgan County, Tennessee, by defendant United States of America.[1] The complaint concerns allegations of racial discrimination, intimidation, theft of property, obstruction of mail, and denial of equal protection and due process during plaintiff's confinement in the Morgan County Regional Correctional Facility and other institutions. Specifically, plaintiff alleges the State of Tennessee, its employees and inmates conspired to deprive him of his rights under the Tennessee Constitution because of his correspondence with a Ms. Sunshine Ellison. The matter is before the Court on various motions filed by the parties, including the motion to dismiss filed by the United States.

---

[1] It appears from the record that defendant State of Tennessee has never been served with process in this case, and for that reason counsel for the State has not answered the complaint or otherwise filed a notice of appearance. The State of Tennessee did not join in the notice of removal.

Plaintiff's complaint against the United States concerns the interference with his mail: he alleges that the United States failed to protect his rights. Based upon the complaint, it appears that prison officials intercepted and read plaintiff's correspondence with Ms. Ellison. Plaintiff filed complaints with the Tennessee Attorney General, prison authorities and the U.S. Postal Service with respect to the problem with his mail. According to plaintiff, the U.S. Postal Service responded to his complaint, but offered no assistance, only information. The United States moves to dismiss the complaint for lack of jurisdiction.

In order to impose liability for monetary damages against the federal government there must be an explicit congressional waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399-401 (1976). In addition, although plaintiff has named the United States as a defendant, his complaint is actually against the U.S. Postal Service. For that reason, his claim must be brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. (FTCA).

Although the United States has waived sovereign immunity for certain common law torts under the FTCA, it has not waived its sovereign immunity as to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). To the extent plaintiff seeks to bring suit against the United States or the U.S. Postal Service under the U.S. Constitution, neither the United States nor the U.S. Postal Service has waived sovereign immunity for constitutional torts. *See, respectively, F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994); *Eure v. United Postal Service*, 711 F. Supp. 1365,

2

1369-70 (S.D. Miss. 1989) (citing *Insurance Company of North America v. U.S. Postal Service*, 675 F.2d 756, 758 (5th Cir. 1982)).

Furthermore, to the extent plaintiff seeks injunctive relief, there is not a private right of action against the U.S. Postal Service for an alleged failure to provide mail service. *See Lemay v. United States Postal Service*, 450 F.3d 797, 800 (8th Cir. 2006); *Tedesco v. United States Postal Service*, 553 F. Supp. 1387, 1388 (W.D. Pa. 1983). Any complaints concerning mail service must be made to the Postal Rate Commission. 39 U.S.C. § 3662.

The motion to dismiss filed by the United States [Doc. 15] will be **GRANTED** and the United States will be **DISMISSED** as a defendant. In addition, the Court finds that it is an appropriate exercise of its discretion to decline to exercise jurisdiction over the remaining state law claims in this case. Accordingly, the case will be **REMANDED** to the Circuit Court for Morgan County, Tennessee. 28 U.S.C. § 1447 (c).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE